UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | #27 (9/28) |
|---|---|---|---|
| Case No. | CV 19-8980 PSG (AFMx) | Date | September 23, 2020 |
| Title | Orland Sylve v. ABP Hotel, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court DENIES Plaintiff's motion to reopen

    Before the Court is Plaintiff Orland Sylve's ("Plaintiff") motion to reopen the case. *See* Dkt. # 27 ("*Mot.*"). Defendant ABP Hotel, LLC ("Defendant") has not opposed. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court **DENIES** Plaintiff's motion to reopen the case.

I.    <u>Background</u>

    Plaintiff filed suit in this Court on October 18, 2019. *See generally Complaint*, Dkt. # 1 ("*Compl*"). On March 31, 2020, Plaintiff filed a notice of settlement. *See* Dkt. # 22. Based on this notice, the Court ordered all proceedings vacated and the action dismissed without prejudice. *See* Dkt. # 24 at 1. The Court retained jurisdiction for sixty days—until May 31, 2020—"to vacate this order and to reopen the action upon showing of good cause that the settlement has not been completed." *Id.* Based on the parties' stipulation, the Court extended the deadline to reopen the case until June 30, 2020. *See* Dkts. # 25, 26.

    Twenty-one days after this deadline passed, on July 21, 2020, Plaintiff filed this motion to reopen the case. *See generally Mot.* Plaintiff asks the Court to grant its motion, under Federal Rule of Civil Procedure 60(b)(6), because the parties never finalized a settlement agreement. *See generally Mot.* The Court **DENIES** Plaintiff's motion.

II.    <u>Legal Standard</u>

    Under Rule 60(b)'s "catch-all" provision, a court can grant relief from a final judgment, order, or proceeding, for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8980 PSG (AFMx) | Date | September 23, 2020 |
|---|---|---|---|
| Title | Orland Sylve v. ABP Hotel, LLC, et al. | | |

"has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

III.    Discussion

According to Plaintiff, after the parties "settled" the case on March 31, 2020, they "exchanged multiple emails regarding *finalization of the agreement* and finally, on July 6, 2020, the agreement was in final form and circulated for signatures." *Mot.* 2:8–10 (emphasis added). Plaintiff provided a signed agreement to Defendant, but Defendant never executed it. *See id.* 2:10–18. Therefore, the Court can only conclude this matter never actually settled because Defendant did not sign the final agreement.

Nonetheless, knowing that there was no finalized settlement, Plaintiff neither (1) moved to reopen the case before the June 30 deadline, nor (2) asked for another extension of that deadline. Because relief under Rule 60(b)(6) is only appropriate if a party shows "that circumstances beyond its control prevented timely action to protect its interests," *see Alpine Land & Reservoir Co.*, 984 F.2d at 1049, "[n]eglect or lack of diligence is not to be remedied through Rule 60(b)(6)," *see Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998). Accordingly, the Court **DENIES** Plaintiff's motion.

IV.    Conclusion

For the foregoing reasons, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**